IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| CASEY CLINTON RIDGE, | Cause No. CV 12-00101-M-DLC-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JOHN W. LARSON (Missoula District Judge), FRED VANVALKENBURG (Missoula Chief District County Attorney), MISSOULA COUNTY ATTORNEY'S OFFICE, | |
| Defendants. | |

Pending is Plaintiff Casey Ridge's Motion to Proceed in Forma Pauperis and proposed Complaint.

**I. Motion to Proceed in Forma Pauperis**

Ridge submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Ridge must pay the statutory $350.00 filing fee. Ridge has insufficient funds to pay an initial partial filing fee but will be required to make monthly payments of 20 percent of the preceding month's

1

income credited to his institutional account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the agency having custody of Ridge will be directed to forward payments from Ridge's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Ridge's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

## II. Statement of the Case

### A. Parties

Ridge is a prisoner incarcerated at the Missoula County Detention Center. He is proceeding without counsel. The named Defendants are Missoula District Court Judge John W. Larson, Missoula County Attorney Fred VanValkenburg, and the Missoula County Attorney's Office.

### B. Allegations

Ridge submits a lengthy recitation of the criminal proceedings against him

since December 1998. While he makes several allegations regarding these criminal proceedings a complete recitation of the facts set forth in the Complaint is unnecessary as it appears Ridge seeks to challenge prior criminal convictions and/or current criminal proceedings on the grounds of wrongful prosecution. Ultimately, he argues Defendants should not be allowed to prosecute or preside in any cases against him or his immediate family members due to prejudice. (Dkt. 2, p. 5). He alleges Defendants conspired against him and continue to do so. He indicates he continues to be persecuted as he is still in jail. (Dkt. 2, p. 14).

## III. Prescreening

### A. Standard

Ridge is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds"

of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

**B. Analysis**

Ridge invokes the federal question jurisdiction of this Court under 28 U.S.C. § 1331 alleging a claim under 42 U.S.C. § 1983. For the reasons discussed

below, Ridge's claims fail as a matter of law and should be dismissed.

1. **Statute of Limitations**

Ridge sets forth a detailed factual background regarding his criminal proceedings since 1998. It is not clear whether Ridge provides this information as background or as substantive claims. To the extent he seeks to bring substantive claims regarding any incident prior to June 15, 2009, his claims are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined that the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1). Ridge filed his Complaint on June 15, 2012, accordingly, any claims arising before June 15, 2009 are barred by the applicable statute of limitations.

2. **Heck v. Humphrey**

To the extent Ridge seeks to challenge any of his prior convictions, those claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

5

sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Heck*, 512 U.S. at 486-87.

Ridge attached a number of documents to his Complaint, including his Motion to Dismiss his current criminal charges. None of these documents and nothing in the Complaint give any indication that his prior convictions have been invalidated. Thus, any claims regarding his prior convictions and/or probation revocations are barred by the *Heck* doctrine.

### 3. **Younger Abstention**

Lastly, Ridge is seeking to challenge his ongoing criminal proceedings. But such a challenge is barred by the abstention doctrine enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings[.]" *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). When applicable,

6

*Younger* abstention requires dismissal of the federal action, not a stay. *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel*, 145 F.3d at 1103 n.5 (noting that the district and appellate courts can raise the issue sua sponte).

*Younger* abstention is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims. *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995); *Martinez*, 125 F.3d at 781; *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, there are ongoing state criminal proceedings, these proceedings revolve around important state interests to enforce the local and state laws, and Ridge has an adequate opportunity in the state district court to raise federal questions and concerns that affect his constitutional rights. Accordingly, all three prongs of the *Younger* test have been satisfied and dismissal is appropriate.

### 4. **Judicial Immunity**

The claims against Judge Larson are also barred by judicial immunity. Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Judge Larson's acts in presiding over Ridge's criminal proceedings is clearly a part of his official duties. Judge Larson is therefore entitled to judicial immunity.

### 5. **Prosecutorial Immunity**

A prosecutor is also entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process."

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In order to determine whether a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Ridge's only allegations against Mr. VanValkenburg arise out of acts taken in association with the prosecution of Ridge. Accordingly, Mr. VanValkenburg is entitled to prosecutorial immunity. *Kalina v. Flectcher*, 522 U.S. 118, 123-24 (1997).

### 4. Missoula County Attorney's Office

The Missoula County Attorney's Office is not an entity capable of being sued. Pursuant to Fed. R. Civ. P. 17(b), a particular defendant's capacity to be sued in federal court is generally determined by the law of the state where the court is located. *Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001). Thus, in resolving the County Attorney's Office's capacity to be sued, the Court must rely on Montana law.

Montana law establishes a statutory structure for subjecting state, county, city, and municipal governmental entities to liability. In specified circumstances "[e]very governmental entity is subject to liability for its torts and those of its

9

employees acting within the scope of their employment or duties[.]" Mont. Code Ann. § 2-9-102. For purposes of this liability, a "governmental entity" includes "the state and political subdivisions." Mont. Code Ann. § 2-9-101(3). A "political subdivision," in turn, is "any county, city, municipal corporation, school district, special improvement or taxing district, or other political subdivision or public corporation." Mont. Code Ann. § 2-9-101(5).

As a "political subdivision" of the State of Montana, Missoula County may "sue and be sued[.]" Mont. Code Ann. §§ 7-1-2101(1) and 7-1-2103(1). The Missoula County Attorney's Office, by contrast, is not included within the definitions of a "governmental entity" or a "political subdivision" and, therefore, is not included within the category of entities that are subject to liability under Mont. Code Ann. § 2-9-102.

Because the Missoula County Attorney's Office does not exist as a governmental entity or political subdivision with the capacity to be sued under Montana law, Mont. Code Ann. §§ 2-9-101(3) and (5) and 2-9-102, it is not a proper defendant with respect to Ridge's section 1983 claims, and must be dismissed.

## IV. Conclusion

### A. Leave to Amend

For the reasons set forth above, Ridge's Complaint fails to state a claim upon which relief may be granted. The defects discussed above could not be cured by the allegation of other facts. Ridge's Complaint should be dismissed.

**B. "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

The question of whether a complaint dismissed pursuant to *Heck*, 512 U.S. 477 constitutes a strike has not been addressed by the Ninth Circuit. *Andrews v. Cervantes*, 493 F.3d 1047, 1052, n. 2 (9th Cir. 2007). However, the Supreme Court in *Heck* stated its ruling was based on a denial of "the existence of a cause of action." *Heck*, 512 U.S. at 489. Several other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g., Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Ransom v. Westphal*, et al., 1:08-CV-01327-DMS-AJB (E.D. Cal. April 4, 2010); *Romero v. United States, et al.*, No. CV 11–531–PHX–DGC 2011 U.S.

11

Dist. WL 1261293 (D.Ariz. Apr. 5, 2011). Finding this authority to be persuasive, the Court finds that a dismissal pursuant to *Heck* should be a strike under 28 U.S.C. § 1915(g).

In addition, Ridge's claims are barred by the statute of limitations and/or are barred by the *Younger* doctrine. Lastly, all named Defendants are entitled to immunity. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

**C. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith"

requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The multiple deficiencies with Ridge's complaint are so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Ridge SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Ridge has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The multiple deficiencies with Ridge's complaint are so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Ridge SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Ridge has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

Ridge's Motion to Proceed in forma pauperis (Dkt. 1) is granted. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on June 15, 2012.

Further, the Court issues the following:

### RECOMMENDATIONS

1. Ridge's Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Ridge failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ridge may serve and file written

objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ridge files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Ridge from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 6th day of August, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge